The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion on the constitutionality of the City of Mena pledging revenue from a city sales tax to Wilhelmina Medical Center, Inc. You note that Wilhelmina Medical Center, Inc. is an Arkansas non-profit corporation, with a 501(C)(3) tax exemption under the federal I.R.S. Code. You also note that "it recently became necessary for the City of Mena . . . to agree to assume the hospital's assets and liabilities."[1] Additionally, the voters of the City of Mena approved a one cent sales tax which is being collected on purchases made in the city from May 1, 1991 until April 30, 1997, and it is specifically designated for "hospital purposes."
You note that the City of Mena will have ultimate control over the operations of the Wilhelmina Medical Center, Inc. in the following ways:
 1. The City of Mena will have the right to approve or disapprove of all members of the Board of Trustees of Wilhelmina Medical Center, Inc.
 2. The Articles of Incorporation of Wilhemina Medical Center, Inc. will be amended to provide that all assets of the corporation will revert to the City of Mena upon dissolution of the corporation.
 3. All members of the Board of Trustees of Wilhelmina Medical Center, Inc. will be required to be residents of Polk, County, Arkansas.
 4. The Board of Trustees will be required to report and provide the financial information regularly to the Mena, Arkansas City Council regarding the operation of the Wilhelmina Medical Center, Inc.
 5. No sale or lease of Wilhelmina Medical Center, Inc. may be attempted or consummated without approval of the Mena City Council.
You also reference A.C.A. § 14-264-101 et seq. which provides that Arkansas cities may form city hospital commissions in order to operate hospitals.
For the reasons that follow, it is my opinion that the answer to your question, (whether the City of Mena can pledge sales tax revenue to the Medical Center), although it may depend to some degree upon factual issues, is generally "no," so long as the hospital is not a public one. You have stated that the City has assumed the assets and liabilities of the Medical Center, but you have not stated that a sale of the hospital to the City has occurred, or whether the City in fact is the owner of the hospital. There may be a factual question as to whether the hospital is now a public or private one. This office cannot make this factual determination. If, however, the hospital is a private one, it is my opinion that the city may not pledge tax dollars to support it.
You have referenced A.C.A. § 14-264-101 et seq. That subchapter does indeed give cities of the first class the authority to form a commission to operate a municipal hospital. It also at A.C.A. § 14-264-106, gives the city council the authority to lend or appropriate funds to carry on the operations of the hospital. These provisions, however, apply to municipal,
(i.e. publicly owned) hospitals, and not to hospitals owned by private non-profit corporations.
This is not the most important legal impediment against the pledging of tax monies to private hospitals. The issue is one of constitutional proportions. It is clear under the Arkansas Constitution, in my opinion, that cities and counties may not obtain or appropriate monies for non-profit corporations. See,
Arkansas Constitution, Art. 12, § 5, and most recently, City ofJacksonville v. Venhaus, 302 Ark. 204, 788 S.W.2d 478 (1990). To the extent the sales tax monies in issue will be appropriated to a non-profit corporation, the use of tax dollars in this way is violative of the Arkansas Constitution.
It is true that A.C.A. § 14-265-103 gives cities the right to "acquire, own, construct, reconstruct, extend, equip, improve, maintain, operate, sell, lease, contract concerning, or otherwise deal in or dispose of any land, buildings, improvements, or facilities of any and every nature whatever that can be used for hospitals." This statute, in my opinion, cannot be read, however, as authorizing action contrary to the Arkansas Constitution.
Moreover, the "control" factors you list would not appear to authorize the pledging of tax dollars to the non-profit corporation, as long as the hospital is privately owned. Seegenerally, Arkansas Uniform Linen Supply Co. v.Institutional Services Corp., 287 Ark. 370, 700 S.W.2d 358
(1985), (holding that where a public hospital was leased by a private corporation, the right of the city to approve or disapprove the board members, and the fact that all assets of the corporation will revert to the city upon dissolution of the corporation did not render the hospital under control of the city).
In summary, the answer to your question may depend upon the public or private nature of the hospital. If the hospital is indeed privately owned by a nonprofit corporation, it is my opinion that the pledging of tax dollars to suppport it will violate the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We express no opinion upon the constitutionality of this action, as it does not form the basis of your question.